IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON AVEY,

    Plaintiff,                    No. CIV S-12-0245 DAD P

   vs.

STEVE McCALL,

    Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).[1]

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] Plaintiff previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 3.)

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

2

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

    In the present case, plaintiff has identified S. McCall, K. Swanson, and C. Schutt as the defendants.  In his complaint, plaintiff merely alleges that the named defendants have denied him copies of his prison medical records.  Plaintiff summarily claims that defendants' act of denying him copies of those prison records constitutes a violation of his civil rights and requests declaratory and injunctive relief as well as monetary damages.  (Compl. at 3.)

### DISCUSSION

    Plaintiff's complaint fails to state a cognizable claim for relief and should be dismissed.  See 28 U.S.C. 1915(e)(2)(B)(I) ("the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious"); Neitzke, 490 U.S. at 327-28 (in forma pauperis statute accords judges the authority to dismiss those claims whose factual contentions are clearly baseless, such as those "describing fantastic or delusional scenarios"); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

Specifically, this court is not aware of any authority that holds that prisoners have a federal constitutional right to review or copy their medical or other central/prison files absent some resulting injury, nor does plaintiff cite any such authority. See Stockton v. Billings, No. 1:10-cv-00757 GBV (PC), 2011 WL 1459180 at *2 (E.D. Cal. Apr. 15, 2011) (allegations that defendants denied prisoner right to review and copy his prison file failed to state a federal due process claim); Gaston v. Caden, No. CIV S-0301707 LKK CMK P, 2008 WL 649843 at *15 (E.D. Cal. Mar. 6, 2008) (allegations that defendant denied prisoner access to documents from his central file during "Olson review" failed to state a federal due process claim); Martin v. Garza, No. 06 CV 01095 JM, 2007 WL 2288127 at *13 (S.D. Cal. Aug. 7, 2007) (allegations that defendant withheld medical records or denied or failed to deliver medical records did not state an Eight Amendment claim when no injury resulted).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is denied; and

2. This action is dismissed for failure to state a claim.

DATED: March 27, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
avey0245.56